Filed 1/10/25  P. v. Sontoski CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083950 |
| v. | (Super.Ct.No. BAR2400422) |
| RYON MARK FRANKLIN SONTOSKI, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sean C. Oswill, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ryon Mark Franklin Sontoski appeals the trial court's order revoking and reinstating his post-release community supervision (PRCS).  His attorney has filed a brief under the authority of *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v.*

1

*Wende* (1979) 25 Cal.3d 436 (*Wende*) informing this court they were unable to identify any errors and asking us to perform an independent review of the record. We affirm.

## BACKGROUND

In 2021, Sontoski was convicted of stalking. (Pen. Code,[1] § 646.9, subd.(b).) In 2022 he was released on PRCS.

In 2024 the probation department petitioned to revoke Sontoski's PRCS for failing to report to probation. Sontoski waived a hearing on the petition and admitted to the violation in exchange for an agreed sentence of 120 days in jail. Accordingly, the court revoked Sontoski's PRCS, reinstated it, and ordered him to serve 120 days in jail.[2]

## ANALYSIS

On Sontoski's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] At the hearing, the court stated it was sentencing Sontoski to 180 days. However, his waiver form shows he agreed to 120 days, and the court's minute order also shows the court ordered him to serve 120 days. Because the court cannot modify the terms of a plea deal on its own, we conclude the court misspoke when it ordered 180 days, and that the 120 days recorded in the minute order is the correct term. (See § 1192.5, subd. (b) ["When the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea."]; see also *People v. Stamps* (2020) 9 Cal.5th 685, 701 [" ' "a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. . . . Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly." ' "].)

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende* if appellate counsel cannot identify any arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227, 231 (*Delgadillo*).) However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*) Here, after appellate counsel filed a brief notifying us Sontoski's appeal presented no arguable issues, we offered Sontoski an opportunity to file a personal supplemental brief, and he did not.

However, a notice provided a defendant may be "suboptimal" if the defendant "reasonably could have concluded" from it "that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232-233.) As *Delgadillo* noted, independent review of the record under *Anders*/*Wende* happens automatically after receiving a brief from appointed counsel under the authority of those cases and " 'does not depend on the . . . receipt of a brief from the defendant personally,' " whereas under *Delgadillo*, "the Court of Appeal may dismiss the appeal as abandoned" "[i]f the defendant does not file a supplemental brief or letter." (*Id.* at pp. 232-233.) Thus, when *Delgadillo* applies, but the notice sent to the defendant cites only to *Anders*/*Wende*, confusion may plausibly result. The notice in *Delgadillo* had this flaw (*id.* at p. 233), as did the notice here.

3

Counsel's brief raises one issue for our consideration: whether Sontoski's waiver was knowing and voluntary.

We have independently reviewed the record for potential error and find no arguable error that would result in a disposition more favorable to Sontoski. Accordingly, we affirm.

DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____

J.

We concur:

RAMIREZ _____

P. J.

McKINSTER _____

J.